**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3757-23

WILMINGTON SAVINGS
FUND SOCIETY, FSB, d/b/a
CHRISTIANA TRUST, not
individually but as trustee for
PRETIUM MORTGAGE
ACQUISITION TRUST,

      Plaintiff-Respondent,

v.

JPM AUDE COOPER TRUST,
MRS. PETER Y. MARTIN, his wife,
UNITED STATES OF AMERICA,
RUSSELL HILES, minor, BETTY J.
HILES, as guardian ad litem, LYNN
F. SINGER, and BRETTLYNN
MANAGEMENT, LLC f/k/a
PETE-MAR MANAGEMENT
COMPANY LLC,

      Defendants,

and

PETER Y. MARTIN,

      Defendant-Appellant,

_____

Submitted June 4, 2025 – Decided June 24, 2025

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-011100-22.

Peter Y. Martin, appellant pro se.

Parker McCay, PA, attorney for respondent (Gene R. Mariano, on the brief).

PER CURIAM

Defendant Peter Y. Martin appeals from the July 1, 2024, Chancery Division final judgment in this residential foreclosure matter. We affirm.

I.

On February 9, 2007, defendant borrowed $336,000 from Bank of America, N.A. (BOA). The loan was secured by a note and a mortgage encumbering a residential property in Passaic County. The mortgage was recorded in the Office of the Passaic County Clerk (Clerk's Office).

On November 9, 2013, defendant executed and delivered a loan modification agreement, which amended and supplemented the note and mortgage. The loan modification agreement was recorded in the Clerk's Office.

A-3757-23

By assignment dated December 14, 2015, BOA assigned the mortgage to Federal National Mortgage Association (FNMA).  The assignment of mortgage was recorded in the Clerk's Office.

By assignment dated January 4, 2017, FNMA assigned the mortgage to PROF-2013-S3 Legal Title Trust II by U.S. Bank National Association, as Legal Title Trustee (PROF-2013-S3).  The assignment of mortgage was recorded in the Clerk's Office.

On October 31, 2017, defendant executed and delivered a second loan modification agreement, which amended and supplemented the note and mortgage.  The second loan modification agreement was not recorded in the Clerk's Office.

By assignment dated December 11, 2018, PROF-2013-S3 Legal Title Trust II by U.S. Bank National Association, as Trustee, which is also known as and the same legal entity as PROF-2013-S3, assigned the mortgage to Morgan Stanley Mortgage Capital Holdings LLC (Morgan Stanley).  The assignment of mortgage was recorded in the Clerk's Office.

By assignment dated July 23, 2019, Morgan Stanley assigned the mortgage to FV-1, Inc. in trust for Morgan Stanley (FV-1).  The assignment of mortgage was recorded in the Clerk's Office.

A-3757-23

By assignment dated April 24, 2020, FV-1 assigned the mortgage to plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust. The assignment of mortgage was recorded in the Clerk's Office.

Defendant defaulted under the terms of the note and mortgage agreement as modified by failing to make the payment due on February 1, 2020, and every payment due thereafter.

On October 17, 2022, plaintiff filed a foreclosure complaint in the Chancery Division. On March 7, 2023, plaintiff filed an amended complaint solely to name additional defendants. Defendant filed a contesting answer.

On July 5, 2023, plaintiff moved for summary judgment, to strike defendant's contesting answer, enter default against defendant, and transfer the matter to the Office of Foreclosure to proceed as an uncontested foreclosure. Defendant did not oppose the motion.

On August 22, 2023, the court entered an order granting plaintiff's motion. In a written decision, the court found plaintiff established standing because it was both an assignee of the mortgage and in possession of the note, endorsed to plaintiff, prior to the filing of the complaint. Although defendant did not oppose the motion, the court examined and rejected the three affirmative defenses he

4

raised in his contesting answer: (1) lack of personal service of the complaint; (2) lack of proof of assignment of the mortgage to plaintiff; and (3) sale of the loan to several service providers.

The court found, after numerous unsuccessful attempts to personally serve defendant with the complaint and publication of a notice to absent defendant in a newspaper, plaintiff's counsel sent a copy of the notice, along with the complaint, to defendant by mail. The court concluded defendant "clearly received proper notice" from the mailing because he thereafter filed an answer and appeared in the foreclosure action. The court also found

> [d]efendant's remaining defenses regarding the assignment of the note and mortgage and the change of service providers, each fail to concretely establish any argument in contravention of the foreclosure. The defenses fail to contest the [p]laintiff's right to foreclose or raise viable defenses to the instant foreclosure.
>
> Summary [j]udgment is appropriate given the competent evidence of record which demonstrates [p]laintiff has the right to foreclose as the owner and holder of the [n]ote and [m]ortgage, the [l]oan [d]ocuments are valid, and defendant defaulted on their monthly payment obligations.

On October 27, 2023, defendant moved to vacate the August 22, 2023, order. He argued plaintiff: (1) did not serve him with its summary judgment motion; and (2) failed to comply with the statutory requirement that it provide a

5

notice of intent to commence foreclosure thirty days prior to filing the foreclosure complaint.

On February 19, 2024, the court entered an order denying defendant's motion. In a written decision, the court found defendant was aware of plaintiff's summary judgment motion before it was returnable and had an attorney contact plaintiff's counsel to request an adjournment of the return date. The court found defendant never retained the attorney and failed to respond to plaintiff's motion.

On February 26, 2024, defendant moved for reconsideration of the February 19, 2024, order, arguing the court failed to make sufficient findings of fact and conclusions of law explaining its decision. Plaintiff opposed the motion.

On March 28, 2024, the court entered an order denying defendant's motion. In a written decision, the court found it provided a written explanation of its decision denying defendant's motion to vacate the August 22, 2023, order.

On April 1, 2024, defendant moved to dismiss the complaint. He argued plaintiff failed to allege in the complaint it was in possession of the original note prior to the filing of the complaint and the note was endorsed in blank by BOA. Thus, defendant argued, plaintiff did not establish in the complaint it was entitled to enforce the note and mortgage. Plaintiff opposed the motion.

6

On April 26, 2024, the court entered an order denying defendant's motion. In a written decision, the court found plaintiff established standing to enforce the note and mortgage through a certification from its representative that plaintiff possessed the original note before the complaint was filed and through production and certification of the recorded assignments of mortgage, the last of which assigned the mortgage to plaintiff.

On May 13, 2024, defendant moved for reconsideration of the April 26, 2024, order. On June 7, 2024, the court entered an order denying defendant's motion and issued an oral decision.[1]

On June 13, 2024, plaintiff moved for entry of final judgment. Defendant cross-moved for an order denying plaintiff's motion for entry of final judgment. Defendant did not challenge plaintiff's final judgment calculation. He instead again challenged plaintiff's standing to file the foreclosure complaint.

On July 1, 2024, the court entered final judgment in favor of plaintiff upon recommendation of the Office of Foreclosure.[2]

---

[1] Defendant did not file a copy of the transcript of the court's June 7, 2024, oral decision denying his motion for reconsideration of the April 26, 2024, order.

[2] After denial of defendant's motions for a stay in the trial court and this court, the property was sold to plaintiff on November 12, 2024.

This appeal followed. We glean from defendant's brief his argument the Office of Foreclosure failed to issue sufficient findings of fact and conclusions of law supporting its recommendation to enter the July 1, 2024, final judgment.

II.

We have reviewed the record and discern no merit in defendant's argument. Rule 4:64-1(d)(1) sets forth the procedure to enter judgment in uncontested foreclosure cases: "the application shall be filed with the Office of Foreclosure in the Administrative Office of the Courts." Rule 1:34-6(a) provides the Office of Foreclosure "shall be responsible for recommending the entry of orders or judgments in uncontested foreclosure matters pursuant to R. 4:64-1 and R. 4:64-7 subject to the approval of a Superior Court judge designated by the Chief Justice." Plaintiff complied with the rule by submitting the motion for final judgment to the Office of Foreclosure after the motion court struck defendant's defenses and found the matter to be uncontested. Based on the recommendation of that office, a judge entered the July 1, 2024, judgment.

Nothing in the court rules requires the Office of Foreclosure to issue findings of fact and conclusions of law. Rule 1:7-4(a) states "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury [and] on

every motion decided by a written order that is appealable as of right . . . ." (emphasis added).

The Office of Foreclosure is not a court. It does not hold hearings, decide legal claims, or resolve factual disputes. Rule 1:7-4(a) does not apply to its recommendations.

The record establishes the trial court complied with Rule 1:7-4(a). The court issued written and oral decisions explaining the orders it entered regarding the parties' numerous motions leading to entry of the final judgment. The court fully explained the basis for its decisions to strike defendant's defenses, find the matter uncontested, transfer the complaint to the Office of Foreclosure for processing, and enter final judgment in favor of plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3757-23